**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROSHANDA ROBINSON,

    Plaintiff,

v.                                      CASE NO. 17-12118

COMMISSIONER OF            DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14]; ADOPTING THE REPORT AND RECOMMENDATION [13]; GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11] AND REVERSING AND REMANDING THE COMMISSIONER'S DECISION**

This matter is before the Court on Defendant's objections to the magistrate judge's report and recommendation. (Docket no. 14.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Defendant's objections, adopts the magistrate judge's report and recommendation, grants in part Plaintiff's motion for summary judgment and denies Defendant Commissioner of Social Security's motion for summary judgment, reversing and remanding the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for disability benefits ("DIB") in July 2014. (Transcript 122.) Plaintiff alleged a disability onset date of August 1, 2014. (Tr. 134.) Her claims were denied and she requested a hearing before an administrative law judge ("ALJ"), which was held on April 25, 2016. (Tr. 29.) In a decision dated July 7, 2016, the ALJ determined that

Plaintiff had not been disabled within the meaning of the Social Security Act at any time from August 1, 2014, through July 7, 2016, the date of the decision. (Tr. 22-23.)

The appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5.) Plaintiff filed a complaint with this Court on June 28, 2017. (Dkt. 1.) Plaintiff filed a motion for summary judgment on October 12, 2017. (Dkt. 10.) Defendant filed a motion for summary judgment on November 15, 2017. (Tr. 11.) The magistrate judge entered a report and recommendation on July 12, 2018, recommending granting in part Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. (Dkt. no. 13.) Defendant filed its objection to the report and recommendation on July 25, 2018, and Plaintiff filed its response to the objection on July 25, 2018. (Dkt. nos. 14, 15.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the magistrate judge's report and recommendation and the objection and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 13.) The Court agrees with the magistrate judge.

**I.     Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

2

**II. Analysis**

The magistrate judge recommends finding in Plaintiff's favor on a single issue, noting that

> Plaintiff has provided evidence that she would have been absent from work 92 times in a 584-day period due to claim-related medical appointments; there is a lack of contradictory evidence or authority on the issue; and the ALJ's decision is completely devoid of any discussion regarding the effect of Plaintiff's numerous and frequent medial appointments on her absenteeism and her ability to perform substantial gainful activity.

(Report and Recommendation 9, dkt. 13.)

Defendant first objects that the magistrate judge's "Report proposes that a weekly appointment renders one disabled." (Def.'s Objs. 2, dkt. 14.) This is not what the Report and Recommendation proposes. Consistent with the court's analysis in *Griffin v. Comm'r of Soc. Sec.*, 2017 WL 991006 (E.D. Mich. Mar. 15, 2017) (Battani, J.), and cases cited therein, the magistrate judge correctly noted that the ALJ's decision does not evidence consideration of the frequency and resultant effect of Plaintiff's numerous medical appointments. *See also* Soc. Sec. Ruling 96-8p ("The RFC assessment must be based on *all* of the relevant evidence in the case record, such as: . . . The effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruptions to routine, side effects of medication), . . ."); *Hartman v. Colvin*, 954 F.Supp.2d 618, 645 (W.D. Ky. 2013) ("Nowhere, . . . does the ALJ make any findings that specifically relate to the question of whether Hartman's treatment history was for medically necessary treatment and whether such history would present an accurate basis on which to project future treatment-related absenteeism from the alternative work

identified by the vocational expert. In this respect, the hearing decision is simply devoid of any findings for the Court to evaluate.").

Contrary to Defendant's objection, the Court does not find that the magistrate judge re-weighed the evidence. In this instance, the frequency of medical appointments as alleged and shown by Plaintiff to occur, on average, at a rate exceeding the number of absences that the vocational expert testified would be work-preclusive, should prompt discussion and resolution of this conflict in the ALJ's decision. Without evidence that the ALJ considered the necessity and frequency of the appointments, the Court cannot determine that the decision was supported by substantial evidence.

On remand, the ALJ should consider the medical necessity of the appointments, the duration and frequency of the medically necessary appointments, and their effect on Plaintiff's ability to perform sustained work activity.

**III.    Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Objections (dkt. no. 14), ADOPTS the magistrate judge's Report and Recommendation (dkt. no. 13), DENIES Defendant's Motion for Summary Judgment (dkt. no. 11), GRANTS IN PART Plaintiff's Motion for Summary Judgment (dkt. no. 10) and REVERSES AND REMANDS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated:  September 11, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2018, by electronic and/or ordinary mail.

s/ Lisa C. Bartlett  
Case Manager